IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYNIAH WHITTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-2403-DWD |
| | ) |
| KILOLO KIJAKOZI, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Ryniah Whitten filed this complaint against Defendant Kilolo Kijakazi, the Acting Commissioner of the United States Social Security Administration (the "Commissioner") for alleged civil rights violations related to Plaintiff's receipt of social security or other benefits (Doc. 3). Now before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 7).

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Upon a showing of indigency, the Court must screen the indigent plaintiff's complaint under Section 1915(e)(2) and dismiss the complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges

1

have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Upon review of Plaintiff's Motion (Doc. 7), the Court is satisfied that Plaintiff is indigent at this time. However, and as detailed below, Plaintiff cannot meet the second prong required to proceed *in forma pauperis* because the complaint fails to state a claim on which relief may be granted.

To proceed *in forma pauperis*, Plaintiff's complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The statement must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts also "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

In the complaint, Plaintiff alleges that Defendant, the Commissioner, improperly stopped Plaintiff's receipt of social security benefits without notice (Doc. 1). Plaintiff complains that agents of the Social Security Administration located in Florida allegedly forged a waiver of benefit payments form on Plaintiff's behalf, which resulted in the termination of benefits. Plaintiff indicates that this termination occurred in either September 2021 or April 2023 (Docs. 3, 7). Plaintiff seeks $20 million in damages for Defendant's alleged breach of fiduciary duties and the reinstatement of Plaintiff's

benefits. The Court is unable to discern the exact type of claim Plaintiff is attempting to pursue here. Plaintiff cites to 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 18 U.S.C. § 242, and Section 16 of the Federal Reserve Act, 12 U.S.C. § 411 (Docs. 3, 7).

    42 U.S.C. § 1983 claims and *Bivens* actions are "conceptually identical and further the same policies." *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978), *aff'd*, 446 U.S. 14 (1980); *Bush v. Lucas*, 462 U.S. 367, 374 (1983). However, Section 1983 governs claims for federal rights violations against state actors, while *Bivens* provides a damages remedy for certain federal rights violations committed by federal agents. Here, Plaintiff's allegations suggest federal or state actors were involved in the termination of Plaintiff's social security benefits. However, Plaintiff has only named Defendant Kijakozi, the Commissioner of the Social Security Administration, as a defendant in this matter. To plead a claim under either Section 1983 or *Bivens*, at minimum, Plaintiff must allege facts demonstrating that the *individual* defendants were in some way involved in the constitutional deprivation. *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (to be liable under § 1983, each individual defendant "must have caused or participated in a constitutional deprivation."). Here, the Complaint does not provide enough details of Defendant's purported involvement in the events so to indicate that Defendant was personally involved in the alleged constitutional deprivation. Accordingly, to the extent Plaintiff is purporting to state a claim under 42 U.S.C. § 1983 claims or *Bivens*, the complaint is insufficiently pled and will be dismissed.

The other statutes cited by Plaintiff also do not support a sufficient claim for relief. 18 U.S.C. § 242 is a criminal statute criminalizing the deprivation of civil rights under color of law. This statute does not provide a private right of action and Plaintiff has no standing to sue under it. *See, e.g.*, *Weiland v. Byrne*, 392 F. Supp. 21, 22 (N.D. Ill. 1975) (*pro se* Plaintiff has no standing to sue under 18 U.S.C. § 242). Similarly, the Federal Reserve Act, 12 U.S.C. § 411, provides no private cause of action, but instead governs the issuance of Federal Reserve notes by the Board of Governors of the Federal Reserve System and makes clear that these notes are authorized currency of the United States. *See United States v. Snow*, 670 F.2d 749, 754 (7th Cir. 1982) ("Congress has authorized the issuance of Federal Reserve Notes, 12 U.S.C. § 411, and declared them to be legal tender …").

The Court cannot otherwise discern a basis to assert jurisdiction over the purported claim alleged in Plaintiff's complaint. The allegations in Plaintiff's complaint allude to a possible claim under the Federal Torts Claim Act ("FTCA"), which provides jurisdiction for suits against the United States for torts committed by federal officers. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). In relevant part, the FTCA authorizes:

> [C]ivil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). However, the United States is the only proper defendant in an FTCA action. *See Jackson*, 541 F.3d at 693. Plaintiff did not name the United States as a defendant, and thus the Complaint does not sufficiently state an FTCA claim.

4

Likewise, the complaint alludes to an action to reinstate terminated social security benefits or for judicial review of the decision to terminate Plaintiff's social security benefits. However, Plaintiff has not provided enough information in the complaint to infer that the Court has jurisdiction to review of a final decision of the Commissioner under 42 U.S.C. § 405(g). Section 405(g) permits an individual to obtain judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which [the individual] was a party" by commencing a civil action "within sixty days after the mailing" of notice of the final decision. *Id.*; *Washington v. Saul*, 788 F. App'x 388, 389 (7th Cir. 2019) (unpublished) ("Federal courts may review only 'final' decisions of the Social Security Administration made after a 'hearing.'"). "For a decision to be 'final' under Title II of the Social Security Act, the claimant must complete a multi-step administrative review process." *Washington*, 788 F. App'x at 389 (internal citations omitted). These steps generally include: an initial waiver request, an opportunity for reconsideration, a hearing before an administrative law judge, and a review by the Appeals Council. *Id.* These steps apply to decisions about the re-entitlement to benefits, reduction in benefits, termination of benefits, and nonpayment of benefits. *See,* 20 C.F.R. § 404.902(a)-(x).

Plaintiff mentions to two possible terminating events involving either the Social Security Administration or some other state agency. The first proceeding suggests a suspicion or termination of benefits notice received in September 2021 from agents in Florida (Doc. 3, p. 4). The second involves an alleged suspension of benefits from April 2023 (Doc. 7, p. 3). However, the Complaint does not provide further details of the

5

substance of these documents or proceedings for the Court to determine whether a final decision from the Commissioner of Social Security was received, or whether these documents related to a different state or federal agency. In sum, Plaintiff has failed to coherently explain the timeframe, facts, and legal basis for the claims suggested in the complaint.

For these reasons, Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 7) is **DENIED, without prejudice**, and Plaintiff's Complaint (Doc. 3) is **DISMISSED, without prejudice**, for a failure to state a claim. Plaintiff may file an amended complaint on or before **November 15, 2023**. Should Plaintiff file an amended complaint in this matter, the complaint must clearly explain the timeframe, facts, and legal basis for their claims, that is the who, what, when, where, how, and why behind their allegations. Plaintiff shall further describe the dates and content of any relevant notices allegedly received by Defendant or the Social Security Administration that explain the type of benefits at issue, the timeframe for the termination or suspion of those benefits, and the individual actors allegedly responsible for the acts alleged in the complaint. **If Plaintiff fails to file an amended complaint by November 15, 2023, this action will be dismissed for a failure to abide by a court order pursuant to Fed. R. Civ. P. 41(b).**

SO ORDERED.

Dated: October 25, 2023

DAVID W. DUGAN
United States District Judge